UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MONIKE THOMAS, | : | Case No. 1:11-cv-796 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| THE PROCTER AND GAMBLE | : | |
| DISTRIBUTING LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER THAT DEFENDANT'S MOTION TO DISMISS (DOC. 16) IS GRANTED AND THIS CASE IS DISMISSED AND CLOSED

This case is before the Court on Defendant's motion to dismiss or, in the alternative,

motion for summary judgment (Doc. 16) and Plaintiff's affidavit in response (Doc. 21).

## I.    BACKGROUND FACTS

### A.    Plaintiff's Race Discrimination Claims

This lawsuit arises out of Plaintiff Monike Thomas's employment by Defendant

The Procter & Gamble Distributing LLC[1] and the subsequent termination of her

employment.  Plaintiff is an African American.  (Doc. 7 at ¶ 6).  She alleges that

Defendant unlawfully discriminated against her on the basis of race in violation of 42

USC § 2000-2(a)(1) and Ohio Rev. Code 4112.02(A) and unlawfully retaliated against

her in violation of 42 USC § 2000e-3 and Ohio Rev. Code 4112.02(I).  (Doc. 7 at ¶ 1).

---

[1] Plaintiff's initial complaint named The Procter & Gamble Company as Defendant, but
Plaintiff filed an amended complaint on December 10, 2011 terminating The Procter & Gamble
Company as Defendant and naming The Procter & Gamble Distributing LCC in its place.

Plaintiff began working for Defendant as a Process Engineer on August 1, 2005 in Missouri. (*Id.* at ¶ 8).  She transferred to Defendant's Cincinnati, Ohio location in July 2008. (*Id.* at ¶ 9).  Plaintiff alleges that during her employment, she was treated differently than similarly situated white employees (*Id.* at ¶ 71), and that she complained about differential treatment at a meeting on September 20, 2010 (*Id.* at ¶ 79).   Defendant terminated Plaintiff's employment on October 1, 2010.  (*Id.* at ¶ 68).

On October 4, 2010, Plaintiff filed a charge of discrimination with the EEOC, alleging that she was the victim of false allegations from white employees generally and that her termination occurred after she complained to Defendant about "false allegations from one white employee."  (Doc. 7, Ex. A).  On August 10, 2011, the EEOC dismissed Plaintiff's charge and issued her a "Dismissal and Notice of Rights" informing her that she had 90 days to file a lawsuit against Defendant.  (Doc. 7, Ex. B).  Plaintiff retained Attorney Kenneth Hawley on November 2, 2011 (Doc. 21 at ¶ 15), and he and she filed this action on November 9, 2011.  (Doc. 1).

### B.    Plaintiff's Bankruptcy Proceeding[2]

On September 29, 2011, Plaintiff voluntarily filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio.  (Doc 16, Ex. 1). Along with her bankruptcy petition, Plaintiff filed with the Bankruptcy Court a schedule

---

[2] As Defendant notes in its motion, this Court may consider facts in the public record without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.  (Doc. 16 at FN 1).

purportedly identifying all her existing assets. (Doc. 16, Ex. 2). That schedule specifically required identification of "[o]ther contingent and unliquidated claims of every nature ...." (Doc. 16, Ex. 2 at 5). Plaintiff did not identify any claims - *i.e.*, her EEOC claim against her employer. (*Id.*). Plaintiff also filed a Statement of Financial Affairs with the Bankruptcy Court that included an instruction to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Doc. 16, Ex. 3 at 2). Plaintiff only disclosed a foreclosure action pending in the Butler County Court of Common Pleas. (*Id.*).

After Plaintiff retained Mr. Hawley on November 2, 2011, he advised her that she needed to tell her bankruptcy attorney about her claims against Defendant, but she did not do so. (Doc. 21 at ¶ 16). After filing the present lawsuit on November 9, 2011, Plaintiff did not seek to amend her bankruptcy petition to advise the Bankruptcy Court of her newly filed lawsuit. (Doc 16, Ex. 4). On November 15, 2011, the Trustee in Plaintiff's bankruptcy action filed a report indicating that Plaintiff had no property available for distribution (Doc. 16, Ex. 5), and, in reliance on that report, on January 18, 2012, the Bankruptcy Court discharged all of Plaintiff's debts. (Doc. 16, Ex. 6).

On July 16, 2012, Mr. Hawley filed a motion to withdraw as Plaintiff's counsel for good cause as defined by the Rules of Professional Conduct (Doc. 14), and the Court granted his motion to withdraw on July 30, 2012. (Doc. 15).

## II.    STANDARD OF REVIEW

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To that end, for purposes of a motion to dismiss under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The test for dismissal under Rule 12(b)(6) is a stringent one, and "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996).

## III.    ANALYSIS

### A.    Judicial Estoppel

Defendant asserts that Plaintiff's claims should be dismissed because she failed to disclose to the Bankruptcy Court her EEOC claim and her lawsuit against her employer and therefore fraudulently received a discharge of all her debts without consideration of the truth that she possessed as an asset her claim and lawsuit against Procter & Gamble. Defendant seeks dismissal of the lawsuit based upon the doctrine of judicial estoppel.

The doctrine of "judicial estoppel" serves to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990).   Defendant cites numerous Sixth Circuit and District Court opinions that hold that judicial estoppel bars employment-related claims where the plaintiff fails to disclose those claims during bankruptcy proceedings.  (Doc. 16 at 5-9).[3]   And the Court acknowledges the black letter law that a person's lawsuit shall be dismissed if it was not disclosed to the Bankruptcy Court.  *White v. Wyndham Vacation Ownership, Inc. et al.*, 617 F.3d 472 (6th Cir. 2010).

---

[3] *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006) (plaintiff's disability discrimination claim barred by judicial estoppel because it was not disclosed to the Bankruptcy Court); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005) (plaintiff's Title VII claims barred by judicial estoppel because they were not disclosed to the Bankruptcy Court); *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005) ("The disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge."); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003) (plaintiff's breach of contract and intentional interference with business relations claims barred by judicial estoppel because it failed to disclose those claims to the Bankruptcy Court); *Billups v. Alberto Culver, Inc.*, 291 F.3d 1282 (11th Cir. 2002) (plaintiff's employment discrimination claims barred by judicial estoppel because he pursued that claim during the pendency of the bankruptcy proceeding without amending his financial statements); *Gebert v. Transport Administrative Services*, 260 F.3d 909, 917 (8th Cir. 2001) (plaintiff's qui tam action barred by judicial estoppel because plaintiff "fail[ed] to disclose the existence of the [qui tam] claims as a contingent asset of the bankruptcy estate"); *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001) (plaintiff judicially estopped from bringing breach of contract and breach of good faith and fair dealing claims when he was aware of potential lawsuit but failed to disclose them to the Bankruptcy Court); *Payless Wholesale Distributors, Inc. v. Alberto Culver, Inc.*, 989 F.2d 570 (1st Cir. 1993) (plaintiff's antitrust, racketeering, and fraud claims were barred by judicial estoppel because they were not disclosed to the Bankruptcy Court); *Wallace v. Johnston Coca-Cola Bottling Group, Inc.*, 2007 U.S. Dist. LEXIS 21170, *4 (S.D. Ohio March 23, 2007) ("Judicial estoppel may indeed be applied to preclude a plaintiff from litigating a claim he failed to disclose as an asset in a prior bankruptcy filing." (citing *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894 (6th Cir. 2004))).

The Court of Appeals for the Sixth Circuit, whose decisions bind this trial court, has set forth three factors which courts should look for when deciding whether to apply judicial estoppel and dismiss a lawsuit:  (1) whether the plaintiff "assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings, (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition, and (3) [the plaintiff]'s omission did not result from mistake or inadvertence."  *White, supra,*  617 F.3d at 478.

### 1.    Assumption of Contrary Positions by Plaintiff

The doctrine of judicial estoppel is intended to prevent a plaintiff from achieving success "on one theory, and then seek[ing] an inconsistent advantage by pursuing an incompatible theory."  *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3rd Cir. 1996).

In the case of *White*, the Sixth Circuit affirmed dismissal of a claim asserting sexually suggestive and derogatory comments and improper sexual conduct during employment where the plaintiff had received a Notice of Right to Sue from the EEOC and then failed to disclose it when filing for bankruptcy.  *White, supra*, 617 F.3d at 478-9. *White* is directly analogous to the present case, as Plaintiff similarly failed to disclose her EEOC charge or her claim against Defendant when she filed for bankruptcy, thus assuming contrary positions in the two proceedings.  (Doc. 16, Ex. 2 at 5; Doc. 16, Ex. 3 at 2).  Moreover, Plaintiff never amended her Bankruptcy filings to disclose the presence of the lawsuit.

### 2.    Adoption of Plaintiff's Contrary Position by Bankruptcy Court

The Sixth Circuit explained in *White* that "[w]hen a bankruptcy court – which must protect the interests of all creditors – approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that [...] is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position."  *Id.* at 479. Such is precisely what presents here, because in this case, the Bankruptcy Trustee issued a report stating that Plaintiff had no property available for distribution (based on Plaintiff's false representations), which report of the Trustee the Bankruptcy Court relied upon in discharging Plaintiff's debts.  (Doc. 16, Ex. 5; Doc. 16, Ex. 6).  That is, the Trustee relied upon Plaintiff's representation that she had no other assets beyond those she listed when she filed for bankruptcy, thus adopting Plaintiff's position in the Bankruptcy Court, contrary to the position she takes in pursuing the present lawsuit.

### 3.    Mistake or Inadvertence

Courts may decline to apply judicial estoppel when a plaintiff's failure to disclose a claim to a bankruptcy court was the result of "mistake or inadvertence."  *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002).  Plaintiff argues in her response affidavit that she was not aware that the EEOC Right to Sue letter constituted a "claim" for purposes of her bankruptcy filing.  (Doc. 21 at ¶ 11).  However, in *White*, the Sixth Circuit applied judicial estoppel where the plaintiff "had knowledge of the factual basis of the undisclosed harassment claim, since she had already filed a complaint before the EEOC."

*White, supra*, 617 F.3d at 479.   So too here, Plaintiff's EEOC filing makes clear that she had knowledge of the facts forming the basis of her discrimination claims against Defendant prior to the institution of her bankruptcy proceeding.  (Doc. 7, Ex. A). Additionally, Plaintiff admits that she was advised by Mr. Hawley of the need to disclose that information to her bankruptcy attorney.  (Doc. 21 at ¶ 16).  Yet Plaintiff failed to do so, and, instead, she went on to file this lawsuit while her bankruptcy case was still pending and made no effort to amend her bankruptcy filing at that time.  (Doc. 1; Doc. 16, Ex. 4).  Plaintiff's failure to make any attempt to advise the Bankruptcy Court of her claim/lawsuit after her attorney had instructed her to do so suggests bad faith on Plaintiff's part.  *White, supra*, 617 F.3d at 478.  Her allegations of mistake are therefore unpersuasive.

In her response affidavit alleging inadvertence, Plaintiff asks for leave to reopen her bankruptcy case for amendment.  (Doc. 21 at ¶ 25).   However, as Defendant points out, allowing for such amendment frustrates the purpose of judicial estoppel by suggesting that potential assets should be disclosed only when application of the doctrine is threatened.  (Doc. 22 at 7).   Moreover, even if Plaintiff were able to amend her bankruptcy filing to disclose this litigation, *White* stands for the proposition that judicial estoppel should still be applied.  *White, supra*, 617 F.3d at 475.

### IV.   CONCLUSION

Accordingly, based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss (Doc. 16), and this case is **DISMISSED and CLOSED**.  The conference with the Court on 9/28/12 is cancelled.

      **IT IS SO ORDERED.**

Date:  9/19/12                                                      ___*s/ Timothy S. Black*_____
                                                         Timothy S. Black
                                                        United States District Judge